MEMORANDUM *
Excel Realty Partners LP (“Excel”) appeals the district court’s order granting Excel’s tenant, Flagship West, LLC (“Flagship”), rescission of its lease based on a determination that Excel materially violated an “exclusive use” provision of that lease. The district court invoked judicial estoppel to prevent Excel from asserting that § 4.5 of the lease bars rescission. Because we find judicial estoppel was not warranted here, we remand for the district court to determine whether rescission is an available remedy under California law and the terms of the contract.
Determining whether judicial estoppel should be invoked is informed by several factors: (1) whether a party adopts a position clearly inconsistent with its earlier position; (2) whether the court accepted the party’s earlier position; and (3) whether the party would gain an unfair advantage or impose an unfair detriment on the opposing party if not estopped. New Hampshire v. Maine, 532 U.S. 742, 750-51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). These factors do not weigh in favor of judicial estoppel in the present case.
First, Excel’s litigation positions were not clearly inconsistent. There is no evidence that Excel ever conceded that rescission was available to Flagship. Although the Pretrial Order did not specifically cite § 4.5 of the lease or discuss all of the arguments that might be based on the section, it acknowledged that Excel contested Plaintiffs’ entitlement to rescind, at least on both materiality and independent covenant grounds. Other related arguments that rescission was not available, including *681 the contractual limitation on remedies argument at issue, were adequately embraced within the order. See Miller v. Safeco Title Ins. Co., 758 F.2d 364, 368 (9th Cir.1985) (Pretrial orders “should be liberally construed to permit any issues at trial that are embraced within [their] language.”) (internal quotation omitted).
Second, the district court never relied on a party’s inconsistent statements. See Interstate Fire & Cas. Co. v. Underwriters at Lloyd’s, London, 139 F.3d 1234, 1239 (9th Cir.1998). Even though the district court may have been under the impression that rescission was being “actively litigated,” judicial estoppel is not appropriate unless the court made rulings in reliance on an admission by Excel that rescission was in fact available. No such reliance was possible here because, throughout the proceedings, Excel actively contested the availability of rescission on a theory-by-theory basis.[1] Excel had no legal obligation to pursue a general legal argument against rescission prior to its more narrow arguments because the argument regarding limitation of remedies available under the contract is not an affirmative defense under Fed.R.Civ.P. 8(c). See Taylor v. United States, 821 F.2d 1428, 1432-33 (9th Cir.1987).
Third, allowing Excel to raise its contractual remedies limitation argument after the jury had deliberated did not give Excel an unfair advantage or impose an unfair detriment on Flagship. Even if Excel had raised the argument at an earlier stage, the same factual issues would have been put to the jury to determine liability for damages.
Consequently, we vacate the district court’s judgment awarding rescission damages to Flagship and remand so that the district court may determine in the first instance whether the contract, in its entirety, allows for rescission and whether California law would give effect to the lease’s limitations on remedies in these circumstances. We do not reach either party’s claims related to the calculation of rescission damages and express no opinion on those claims.
Each party shall bear its own costs on appeal.
VACATED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Excel's consistent opposition to rescission distinguishes this case from Morro v. City of Birmingham, 117 F.3d 508 (11th Cir.1997) (affirming judicial estoppel applied to prevent Birmingham from arguing that its chief of police was not the “final policy maker” because Birmingham had failed to object to the court’s earlier explicit observation that it had conceded the issue).